## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ANDRE SALISBURY,        *

Plaintiff        *

v        *        Civil Action No. CCB-17-3105

ANNE ARUNDEL COUNTY DETENTION    *
FACILITY, *et al.*,
Defendants        *

\*\*\*

## MEMORANDUM

In response to this civil rights complaint, defendants Anne Arundel County Detention Facility (AACDF), Anne Arundel County, Maryland, Pamela Zimmerman, and Michael Okacha filed a motion to dismiss or in the alternative for summary judgment. ECF 7. Plaintiff was informed by the court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that the failure to file a response in opposition to the motion filed by defendants could result in dismissal of the complaint. ECF 8. Plaintiff has not filed an opposition to the motion. The court finds no need for a hearing. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, defendants' motion, construed as a motion for summary judgment, shall be GRANTED.

### I. BACKGROUND

#### A. Plaintiff's Claims

Plaintiff Andre Salisbury alleges in his unverified complaint that while incarcerated at the AACDF he was discriminated against by Pamela Zimmerman and Mike Okacha and his rights under the Americans with Disabilities Act violated. ECF 1 at p. 2. Plaintiff is a paraplegic and has been confined to a wheelchair since November of 2006. ECF 1-1. He claims that he was lied to about being able to work as a trustee; that when he asked about working he was told that

he was not cleared, which he alleges was untrue. ECF 1 at p. 2. *Id.* He claims that working would have reduced his sentence. *Id.*

As relief, he seeks a change in policy, the crediting of "industrial days [he] should [have] earned," and unspecified compensatory damages for "mental anguish for present and future treatment." ECF 1 at p. 3.

## B.     Defendants' Response

Defendants argue that the AACDF is not a legal entity amenable to suit. Further, they claim that plaintiff was not discriminated against under the ADA.

Pamela Zimmerman, Case Manager for the Anne Arundel County Department of Detention Facilities, avers that Michael Okacha is her supervisor, and that she is familiar with the Trustee Program offered at AACDF. ECF 7-2 at ¶¶ 2 & 3. Zimmerman was plaintiff's case manager during his incarceration at the AACDF facility at Ordnance Road. *Id.* at ¶ 5. Corizon Health was the medical provider at the Ordnance Road facility at that time. *Id.*

Zimmerman explains that the Trustee Program permits inmates to work jobs in exchange for reductions or diminution of their sentences. ECF 7-2 at ¶ 3. In order to participate in the program, an inmate must be medically cleared by AACDF's medical provider. *Id.* at ¶ 4. Eligibility to participate in the program is based upon medical clearance as well as an inmate's classification status which must be minimum security or lower. *Id.* Zimmerman explains that the classification status can change and is determined by the inmate's behavior as well as their criminal history. *Id.*

While housed at the AACDF at Ordnance Road, plaintiff requested to participate in the program. ECF 7-2 at ¶ 5. Zimmerman reviewed plaintiff's request and noted that he did not have a medical clearance from Corizon Health but was otherwise qualified to participate in the

program. *Id.* at ¶ 6. Zimmerman discussed with plaintiff his participating in the program and

advised him that once he was cleared by Corizon Health, he could begin to work in the program

as either an Inmate Observation Aide or Library Assistant Inmate Worker, positions which could

accommodate an inmate in a wheelchair. *Id.* at ¶ 7. Plaintiff was told that once he was

medically cleared, he could be transferred to the AACDF's Jennifer Road Correctional Center to

work in either of those positions. *Id.* Zimmerman specifically denies that plaintiff's wheelchair

was a factor in his qualifying to participate in the program. *Id.* at ¶ 6. She further denies that he

was held to a different standard from other inmates and affirms that the only thing that prevented

plaintiff's assignment to the program was his lack of medical clearance, a requirement that all

inmates must satisfy in order to participate in the program. *Id.* at ¶ 9.

At an unspecified time, plaintiff was transferred to another housing unit and assigned a

different Case Manager and Supervisor. ECF 7-2 at ¶ 8. On an unspecified date, he received his

medical clearance and was approved to participate in the Trustee Program with a scheduled start

date of December 15, 2017. *Id.* His participation in the Trustee Program will result in his

receiving "a day-for day diminution of his sentence." *Id.*

## II.    STANDARD OF REVIEW

Defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in

the alternative, for summary judgment under Fed. R. Civ. P. 56. A motion styled in this manner

implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See*

*Kensington Vol. Fire Dep't, Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md.

2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual

disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th

Cir. 2007). However, a court, in its discretion, may convert the motion into one for summary

judgment. Id. If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). Because matters outside the pleadings are presented in the defendants' dispositive motion and will considered by the court, the motion will be treated as one for summary judgment. Fed. R. Civ. P. 12(d).

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *Celotex*, 477 U.S. at 322-23. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from

proceeding to trial.'" *Bouchat v. Balt. Ravens Football Club*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex*, 477 U.S. at 323-24.

## III.  ANALYSIS

### A.  Claims against AACDF

Defendants contend that AACDF is not a legal entity subject to suit in its own name.  The court agrees. Md. Code Ann., § 9-201(2) of the Local Government Article, provides that charter counties of Maryland, such as Anne Arundel County, may "sue and be sued." Moreover, § 103 of the County Charter provides, in part: "The corporate name *shall* be 'Anne Arundel County, Maryland,' and it *shall* thus be designated in *all* actions and proceedings touching its rights, powers, properties, liabilities and duties." (Emphasis added). Anne Arundel County, MD Charter § 103.

The AACDF is a department within Anne Arundel County government and thus it is not subject to suit in its own name. *See County Council for Montgomery Cty. v. Supervisor of Assessments of Montgomery Cty*, 274 Md. 116, 123 (1975) ("County Council" is not a separate legal entity that can sue or be sued); *Hines v. French*, 157 Md. App. 536, 573 (2004). Therefore, the court will grant AACDF's motion to dismiss.

### B.  ADA Claim

Plaintiff's bald claim that his rights under the Americans with Disabilities Act were violated by the delay in his participation in the Trustee Program fails.  Title II of the ADA, prohibits public entities, including "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government," 42 U.S.C. § 12131(1), from discriminating "by reason of" disability against a

"qualified individual with a disability." 42 U.S.C. *Id.* § 12132. A "qualified individual with a disability" is defined as an individual with a disability "who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). State prisoners may qualify as "qualified individual[s] with . . . disabilit[ies]," so as to come within the protection of Title II of the ADA. *Pennsylvania Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 213 (1998). In order to have a claim under the ADA, a plaintiff must show that he is a person with a disability as defined by the statute; that he is otherwise qualified for the benefit he claims to have been denied; and that he was excluded from the benefit due to discrimination based on his disability. *Constantine v. George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005); *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264-65 (4th Cir. 1995).

Here the uncontroverted evidence demonstrates that plaintiff was not excluded from participating in the Trustee Program. The record further shows that the delay in his participating in the program was not due to his disability or his use of a wheelchair. Rather, he was initially denied enrollment in the program simply because he had not been medically cleared by Corizon Health as required by AACDF policy. The undisputed evidence demonstrates that the requirement of medical clearance is applied to all inmates, regardless of disability. Once plaintiff received his medical clearance, he was deemed eligible for the program and began to participate in the program. Simply stated, plaintiff has not demonstrated that he was discriminated against due to his disability.

## IV. CONCLUSION

Defendants Anne Arundel County, Maryland, Pamela Zimmerman and Michael Okacha have established that they are entitled to judgment in their favor and their motion for summary judgment will be granted. Plaintiff's complaint against AACDF will be dismissed. A separate Order follows.

_8/21/18_
Date

_CCB_

Catherine C. Blake
United States District Judge